UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

ALEXIS AGUILAR,

        Petitioner,                      No. C 12-5936 PJH (PR)

  vs.                                    **ORDER DISMISSING PETITION**

G.D. LEWIS, Warden,

        Respondent.
                            /

Petitioner, a California prisoner currently incarcerated at Pelican Bay State Prison, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition is directed to a disciplinary proceeding that resulted in a loss of good time credits, so is a challenge to the execution of his sentence. Because he is housed at a prison in this district, venue is proper here. *See* 28 U.S.C. § 2241(d). The original petition was dismissed with leave to amend and petitioner has filed an amended petition.

## BACKGROUND

This petition is directed to a disciplinary hearing in which petitioner was found guilty of possession of a deadly weapon and assessed a loss of 181 days of good time credits.

## DISCUSSION

**A.    Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An

application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief available to the petitioner ... [and] state the facts supporting each ground." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). "Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal." *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

## B.   Legal Claims

Petitioner contends that his Rules Violation Report (RVR) hearing where he lost time credits violated due process as it was overseen by a biased hearing officer. The senior hearing officer, was Lt. Coulter, but petitioner alleges that correctional officer Askew, who served the RVR and assisted petitioner in preparation for the hearing, was biased and gestured and gesticulated during the hearing. Petitioner concludes these gestures impeded a fair hearing causing him to be found guilty as the senior hearing officer was not impartial. It is not clear exactly what Askew did with the gestures that denied petitioner a fair hearing, especially as Askew was not presiding over the hearing. The only allegations against the senior hearing officer is that he observed Askew gesticulating, nodded and then later found petitioner guilty. The original petition was dismissed with leave to amend to address these deficiencies, but the amended petition provides less information

A fair trial in a fair tribunal is a basic requirement of due process. *In re Murchison*, 349 U.S. 133, 136 (1955). The Supreme Court has ruled that a committee of correctional officers and staff, acting with the purpose of taking necessary disciplinary measures to control inmate behavior within acceptable limits, was sufficiently impartial to conduct disciplinary hearings and impose penalties including revocation of good time credits. *Wolff v. McDonnell*, 418 U.S. 539, 570–71 (1974).

///

Fairness requires an absence of actual bias and of the probability of unfairness. *In re Murchison*, 349 U.S. at 136. Bias may be actual, or it may consist of the appearance of partiality in the absence of actual bias. *Stivers v. Pierce*, 71 F.3d 732, 741 (9th Cir.1995). A showing that the adjudicator has prejudged, or reasonably appears to have prejudged, an issue is sufficient. *Kenneally v. Lungren*, 967 F.2d 329, 333 (9th Cir.1992). There is, however, a presumption of honesty and integrity on the part of decision makers which may be overcome by evidence of a risk of actual bias or prejudgment based on special facts and circumstances. *Withrow v. Larkin*, 421 U.S. 35, 46–47 (1975).

The mere fact that a decision maker denies relief in a given case or has denied relief in the vast majority of cases does not demonstrate bias. *Stivers v. Pierce*, 71 F.3d at 741-42. Unfavorable judicial rulings alone are generally insufficient to demonstrate bias unless they reflect such extreme favoritism or antagonism that the exercise of fair judgment is precluded. *Liteky v. United States*, 510 U.S. 540, 555 (1994).

Here, the allegations in the petition are rather bare and only allege that another party gesticulated and the hearing officer nodded. This is insufficient to demonstrate bias.[1] Therefore, petitioner has failed to state facts that point to a real possibility of a constitutional error based on the impartiality of the hearing officer. As petitioner has failed to present sufficient allegations of bias, despite being provided leave to amend to present more information, this action must be dismissed.

## CONCLUSION

The petition is **DISMISSED** for the reasons set out above. Because reasonable jurists would not find the result here debatable, a certificate of appealability ("COA") is **DENIED**. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000) (standard for COA). The clerk shall close the file.

///

---

[1] There also appeared to have been sufficient evidence for the senior hearing officer to find petitioner guilty of possession of a weapon. Petitioner was on contraband watch and defecated into a bag and a correctional officer discovered a hard melted plastic object that was sharpened to a point with what appeared to be a metal tip, that was all wrapped in plastic.

3

1    **IT IS SO ORDERED.**

2    Dated:  April 8, 2013.

_____
PHYLLIS J. HAMILTON
United States District Judge

7    G:\PRO-SE\PJH\HC.12\Aguilar5936.dis.wpd